## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,                     Civil Action No.:

                                          Honorable:

v.

                                          COMPLAINT AND JURY
                                          TRIAL DEMAND

SIMPLICITY GROUND SERVICES, LLC.,


                Defendant.
_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of pregnancy, and to provide appropriate relief to Raylynn Bishop ("Bishop") and other individuals, who were adversely affected by such practices. As alleged with greater particularity in paragraphs 12-15 below, the EEOC alleges that Defendant, Simplicity Ground Services, LLC ("Defendant"), discriminated against Bishop and other similarly situated women on the basis of sex by forcing them to

take unpaid leaves of absence because they were pregnant, and failing to

accommodate their pregnancy-related restrictions.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to

Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights

Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed

within the jurisdiction of the United States District Court for the Eastern District of

Michigan, Southern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, ("EEOC"

or the "Commission") is the agency of the United States of America charged with

the administration, interpretation and enforcement of Title VII, and is expressly

authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C.

§§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a limited

liability corporation doing business in the State of Michigan and the City of

Romulus and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty (30) days prior to the institution of this lawsuit, Raylynn Bishop filed a charge of discrimination with the Commission. Bishop alleged violations of Title VII by Defendant.

7.      On July 20, 2017, the Commission issued to Defendant a Letter of Determination regarding Bishop's charge, found reasonable cause to believe that Title VII was violated, and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to the finding of cause regarding Bishop's charge of discrimination.

3

10.     On October 11, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

## COUNT I – VIOLATION OF TITLE VII (PREGNANCY)

12.     Since at least July 28, 2015, Defendant Employer has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), by discriminating against Bishop on the basis of sex by placing her on unpaid administrative leave because of her pregnancy and by refusing to accommodate her pregnancy-related work restriction (no lifting in excess of 20 pounds). Defendant also discriminated against other similarly situated women by forcing them onto unpaid leave because they were pregnant, refusing to accommodate their pregnancy-related work restrictions, and/or terminating them.

13.     Bishop began working for Defendant as a Ramp Agent in July of 2014. In January of 2015, she was promoted to a Tow Team position. Her primary duties as a Tow Team agent involved operating a vehicle and her written job description did not contain a specific lifting requirement. In late July 2015, she submitted a

Fitness for Duty form signed by her physician indicating she was restricted from lifting more than 20 pounds because of her pregnancy. In response, on or about July 28, 2015, Defendant told her she must call her physician and have the lifting restriction removed, or she would not be permitted to work.

14.    Defendant also attempted to make Bishop sign an amended job description, which added lifting up to 70 pounds as a job duty of the Tow Team position. Bishop refused to sign the altered job description and have her physician remove her work restriction. In response, Defendant took her security badge, escorted her off the premises, and placed her on unpaid leave for the duration of her pregnancy.

15.    Defendant regularly accommodated non-pregnant workers with similar work restrictions caused by on-the-job injuries.

16.    The effect of the conduct complained of in paragraphs 12 through 15 above has been to deprive Bishop and other similarly situated women of equal employment opportunities and otherwise adversely affect their status as an employee.

17.    The unlawful employment practices complained of in paragraphs 12 through 15 above were and are intentional.

17.    The unlawful employment practices complained of in paragraphs 12

5

through 15 above were done with malice or with reckless indifference to the federally protected rights of Bishop and other similarly situated women.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination and in particular discrimination based on pregnancy.

B.     ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all of its job applicants and employees, including pregnant individuals, and which eradicate the effects of its past and present unlawful employment practices.

C. ORDER Defendant Employer to make whole Raylynn Bishop and other similarly situated women by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. ORDER Defendant Employer to make whole Raylynn Bishop and the other similarly situated women by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

6

paragraphs 12 through 15, above, in amounts to be determined at trial;

E.  ORDER Defendant Employer to make whole Raylynn Bishop and the other similarly situated women by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 15, above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.    ORDER Defendant Employer to pay Bishop and the other similarly situated women punitive damages for its malicious and reckless conduct described in paragraphs 12 through 15 above, in amounts to be proven at trial;

G.  GRANT such further relief as the Court deems necessary and proper in the public interest.

H.  AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,


____/s/  Kenneth Bird_____
KENNETH BIRD
Regional Attorney


___/s/___Omar Weaver_____
OMAR WEAVER (P58861)
Supervising Trial Attorney



____/s/___Miles  L.  Uhlar_____
MILES L. UHLAR (P65008)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 226-4620


March 27, 2018