UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

              Plaintiff,

v.

SIMPLICITY GROUND SERVICES,
LLC.,

              Defendant.

Case No. 2:18-cv-10989
Hon. Avern Cohn

_____/

| | |
|---|---|
| KENNETH L. BIRD | Jeffrey Kopp (P59485) |
| OMAR WEAVER (P58861) | Felicia O'Connor (P76801) |
| MILES UHLAR (P65008) | Foley & Lardner LLP |
| Attorney for Plaintiff | 500 Woodward Ave., Suite 2700 |
| 477 Michigan Ave., Rm. 865 | Detroit, MI 48226 |
| Detroit, Michigan 48226 | (313) 234-7100 |
| (313) 226-4620 | foconnor@foley.com |
| miles.uhlar@eeoc.gov | |

_____/

## CONSENT DECREE

The United States Equal Employment Opportunity Commission

("the Commission") filed this action against Simplicity Ground Services,

LLC., (hereinafter "Defendant") to enforce Title VII of the 1964 Civil

Rights Act ("Title VII"), as amended by the Pregnancy Discrimination

Act of 1978 ("PDA"). The Commission alleged that Defendant violated

Title VII and the PDA by subjecting Raylynn Bishop and other similarly situated pregnant female employees to different treatment based on their pregnancies, including but not limited to failing to accommodate their pregnancy-related work restrictions, forcing them onto unpaid leave and/or terminating their employment. Defendant filed an Answer in which it denied allegations of wrongdoing in the action and raised various defenses.

It is the intent of the parties that this Consent Decree shall be a final and binding settlement in full disposition of the Complaint. This Decree does not constitute any admission by either party as to the claims or defenses of the other. It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: 1) the Court has jurisdiction over the parties and the subject matter of this action; 2) the purpose and provisions of Title VII and the PDA will be promoted and effectuated by the entry of this Consent Decree; and 3) this Consent Decree fully and finally resolves all matters in controversy arising out of the Complaint.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED:

## NON-DISCRIMINATION AND RETALIATION

1.     Defendant and its officers, agents, employees, successors, assigns are enjoined for the duration of this decree from: a) failing to reasonably accommodate pregnancy-related work restrictions where such reasonable accommodations are available to non-pregnant employees with similar restrictions; b) forcing pregnant employees to take unpaid leave of absence because they are pregnant, c) discharging employees because of pregnancy where the employee's pregnancy is a motivating factor for the employee's discharge, and d) maintaining any policy which requires any pregnant employee to automatically obtain medical clearance to continue working.

2.     Defendant and its officers, agents, employees, successors, assigns are further enjoined for the duration of this decree from retaliating against any employee where a motivating factor for the adverse employment action is because s/he: (i) opposes discriminatory practices made unlawful by Title VII; (ii) files a charge of pregnancy discrimination and/or sex discrimination or assists or participates in an investigation or proceeding brought under Title VII prohibiting discrimination or retaliation.

## MONETARY RELIEF

3.  **Settlement Amount**.  Defendant shall pay a total of One

Hundred Twenty Thousand dollars ($120,000.00) in monetary relief,

which consists of Ninety Thousand dollars ($90,000.00) in back pay, and

Thirty Thousand dollar ($30,000.00) in compensatory damages to

resolve the EEOC's claims on behalf of Charging Party and the

aggrieved individuals who are entitled to relief pursuant to this Decree.

4.  **Final Distribution List**.  Within twenty-one (21) days of the

entry of this Decree, the EEOC will provide Defendant, via e-mail to

defense counsel, a Final Distribution List in the form of an excel

spreadsheet, containing the following information for the Charging

Party and each aggrieved individual: (1) name, (2) mailing address, (3)

total claim share amount, (4) claim share amount allocated for back

pay, and (5) claim share amount allocated for compensatory damages.

The names of the individuals who may receive some portion of this

distribution are attached as Exhibit B.

5.  **Final Distribution of Settlement Amount**.  Within twenty-

eight (28) days of receiving the EEOC's Final Distribution List,

Defendant will send payments in the amounts specified to Charging

Party and the aggrieved individuals to the mailing addresses listed in
the EEOC's Final Distribution List.  Defendant shall not deduct from
any payments allocated as back pay the employer's share of any costs,
taxes, or Social Security required by law to be paid by Defendant.
Defendant shall not withhold any amounts from the payments allocated
as compensatory damages.

6.   **Administrative Costs**.  Defendant shall pay all administrative
costs for the process of distributing the settlement amount under this
decree, including, but not limited to: postage, supplies, clerical services,
accounting services, and tax return preparation incurred by Defendant
in performing its duties under this decree.

7.   **Tax Forms**.  Defendant will prepare and distribute tax reporting
forms to Charging Party and each aggrieved individual who receives
payment under this Decree in accordance with the Final Distribution
List.  Back pay allocations will be reported on IRS form W-2.  All other
payments will be reported on IRS form 1099.  Defendant is responsible
for withholding payroll taxes on the back pay amounts, paying withheld
funds to the IRS, and paying the employer's share of payroll taxes.

8.   **Proof of Payment to EEOC**.  Within seven (7) days after the

payments have been made, Defendant shall mail a copy of each check to

Kenneth Bird, Regional Attorney, care of Miles Uhlar, Trial Attorney,

EEOC, 477 Michigan Ave., Room 865, Detroit, MI 48226.  Copies of

each check shall also be e-mailed to monitoring-eeoc-indo@eeoc.gov and

miles.uhlar@eeoc.gov within seven (7) days after the payments have

been made.

## CORRECTIVE POLICIES

9.    Defendant shall institute and carry out the policies and practices

set forth below to ensure that its work environment is free of pregnancy

discrimination.

10.   **Training**.  Within sixty (60) days from the entry of this Decree

and thereafter on an annual basis for the duration of this Decree,

Defendant shall provide live in person or via webinar, interactive

training (no pre-recorded video) on sex and pregnancy discrimination

and Defendant's pregnancy discrimination policy to the following

employees: a) Talin Bazerkanian; b) Dakota Butler; c) Trevor Pickle; d)

the station manager and/or Human Resources / People's Office

employees assigned to Defendant's Indianapolis and Cincinnati

locations.  Attendees shall register when they attend training, and

Defendant shall retain a registry of all employees who have completed the training for the duration of this decree and forward a copy of the names of these individuals, on an annual basis, to Kenneth Bird, Regional Attorney, care of Miles Uhlar, Trial Attorney, EEOC, 477 Michigan Ave., Room 865, Detroit, MI 48226. Copies of the names of these individuals shall also be e-mailed to miles.uhlar@eeoc.gov and monitoring-eeoc-indo@eeoc.gov.

11. **Written Policies and Procedures**. Within sixty (60) days of the date this Decree has been entered by the Court, Defendant shall develop a written policy and procedure concerning pregnancy discrimination. This policy shall include prohibitions against forcing pregnant employees to go on unpaid leave when they are still cleared to work by their physicians, discharging pregnant employees because of pregnancy where the employee's pregnancy is a motivating factor for the employee's discharge, and failing to reasonably accommodate pregnancy-related work restrictions with benefits available to non-pregnant employees with similar restrictions, including, where reasonable, light-duty work, modified schedules, and/or breaks. The policy shall also set forth the procedure to be followed when pregnant

employees request reasonable accommodations for pregnancy-related work restrictions. Defendant shall submit the policy and procedure to the Commission's Regional Attorney via U.S. mail and electronic mail at the addresses above.

DISSEMINATION OF POLICIES AND PROCEDURES

12.     The policies and procedures referenced above shall be distributed to each current employee of Defendant within sixty (60) days of the date this Decree has been entered by the Court and to each new employee of Defendant when hired.

NOTICE POSTING

13.     Within sixty (60) days of the entry of this Decree, Defendant shall post the Notice attached as Exhibit A in a prominent, conspicuous and accessible place at all Defendant's Indianapolis and Cincinnati locations. The Notice shall be posted throughout the term of this Consent Decree. Written confirmation that the Notice has been posted shall be mailed to Kenneth L. Bird, c/o Miles L. Uhlar, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 and shall also be sent via email to miles.uhlar@eeoc.gov and monitoring-eeoc-indo@eeoc.gov. Should the notice become defaced, marred, or

otherwise made unreadable, Defendant will post a readable copy of the Notice as soon as practicable.

## RECORD-KEEPING

14.   For the duration of this Decree, Defendant shall keep records of any employee working in Defendant's Indianapolis and/or Cincinnati locations who reports she is pregnant to Defendant.  These records shall include: a) the name, address and phone number of the employee; b) the date Defendant learned the employee was pregnant; c) whether the employee presented any physical restrictions and/or requests for accommodation during pregnancy; d) the benefit provided to accommodate the pregnancy (if any); e) the type and amount of leave offered to the employee (if any); f) the type and amount of leave taken by the employee (if any); g) whether the employee still works for Defendant; and h) if the employee no longer works for Defendant, the date and reason her employment ended.

## REPORTING BY DEFENDANT

15.   For the duration of this Decree, Defendant shall submit annual reports to the Commission ("Compliance Reports"), which detail Defendant's compliance with this Consent Decree. The first report shall

be due twelve months after the entry of this Decree, with each subsequent report due twelve months thereafter for the duration of the Decree.

16.    All Compliance Reports shall contain a spreadsheet containing the information identified in paragraph 14.

## DURATION

17.    Absent extension, this Decree shall expire by its own terms at the end of three (3) years from the date it has been entered by the Court without further action of the parties.

## DISPUTE RESOLUTION AND COMPLIANCE

18.    This Court shall retain jurisdiction over this action for the duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree. Upon motion of the Commission, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and the EEOC shall be required to give the Defendant ten (10) days' notice before moving for such review. The EEOC may conduct written discovery under the Federal Rules of Civil

Procedure for purposes of determining compliance with this Decree.

19.   If Defendant fails to comply with any provision of this Decree, it shall have ten (10) days to cure its non-compliance.

20.   In the event Defendant does not comply with any provision of this Decree, and the Commission must petition the Court to order Defendant to comply, and the Court finds Defendant to be non-compliant, Defendant shall pay all attorney's fees and costs incurred by the Commission to enforce the Decree.

## MISCELLANEOUS

21.   Except as provided in Paragraph 20, each party will bear its own costs and fees.

22.   If any provision of this Decree is found to be unenforceable by a court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.

23. Nothing in this Decree is intended to be for any purpose an admission of liability or wrongdoing by Defendant.

24.   Only the Court may modify this Decree.

25.   The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors,

agents, trustees, administrators, successors, representatives, and assigns of Defendant.

26.   Prior to selling all or substantially all of its assets to another person or entity during the duration of this Decree, Defendant shall inform the person or entity of this Decree and provide the person or entity with a copy of the Decree.

EQUAL EMPLOYMENT                    SIMPLICITY GROUND
OPPORTUNNITY COMMISSION             SERVICES, LLC


/s/ Miles Uhlar                             /s/ Felicia O'Connor
Kenneth L. Bird                     Jeffrey Kopp (P59485)
Omar Weaver (P58861)                Felicia O'Connor (P76801)
Miles Uhlar (P65008)                Foley & Lardner LLP
Attorney for Plaintiff              500 Woodward Ave., Suite 2700
477 Michigan Ave., Rm. 865          Detroit, MI 48226
Detroit, Michigan 48226             (313) 234-7100
(313) 226-4620                      foconnor@foley.com
miles.uhlar@eeoc.gov


**IT IS SO ORDERED:**


_____
Hon. Avern Cohn
United States District Judge

Date: 7-24-19

**EXHIBIT A - NOTICE**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

101 West Ohio Street, Suite 1900
Indianapolis, IN  46204-4203
(800) 669-4000 TTY (800) 669-6820
FAX (317) 226-7953 & 5571

**THIS NOTICE IS POSTED PURSUANT TO A CONSENT DECREE**
**ENTERED BETWEEN THE EEOC AND SIMPLICITY GROUND SERVICES, LLC**
**REGARDING PREGNANCY DISCRIMINATION IN THE WORKPLACE**

Pregnancy discrimination is a form of employment discrimination that violates Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978.  It is unlawful for an employer to discriminate against an applicant or employee based on sex and/or pregnancy. Furthermore, it us unlawful for any employer to retaliate against an employee because he or she opposed discriminatory employment practices, participated in an investigation regarding discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency.

Simplicity Ground Services will not tolerate any form of sex discrimination, including but not limited to pregnancy discrimination.  An employee has the right to report allegations of employment discrimination in the workplace.  An employee may contact the Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

Simplicity Ground Services will engage in an interactive process with any pregnant employee with physical restrictions to determine if the employee can perform the essential functions of her position with or without reasonable accommodation.  This will include open and direct communication with the employee regarding available light duty, if any.

In compliance with federal law, no owner, manager, official or supervisor at Simplicity will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

SIGNED this _____ day of _____, 2019.

_____

Questions concerning this notice may be addressed to:
Equal Employment Opportunity Commission
101 W. Ohio St., Suite 1900
Indianapolis, Indiana 46204-4203
Telephone:  (800) 669-4000– TTY (800) 669-6820

This OFFICIAL NOTICE shall remain posted for three (3) years from date of signing

**Exhibit B**

a.  Keyoni Collins
b.  Tori Robinson (Hans)
c.  Krystl Cook
d.  Ja'na Jarvis
e.  Alisa Craig (Carter)
f.  Kijuanna Richardson
g.  Treasure Thomas
h.  Robyn Scott
i.  Amber Price
j.  Ashlyn Devoy
k.  Raylynn Bishop
l.  Natasha Covington